T.C. Memo. 2001-310

UNITED STATES TAX COURT

THOMAS C. SANDOVAL, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16395-98.                    Filed December 11, 2001.

Thomas C. Sandoval, Jr., pro se.

<u>Elizabeth Owen</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  By notice dated August 20, 1998, respondent determined a $23,474 deficiency, and a $4,695 section 6662(a) penalty, relating to petitioner's 1994 Federal income taxes. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all

Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions the remaining issues are whether petitioner: (1) May deduct certain expenses relating to his residential real estate, (2) has net operating losses to offset a portion of his 1994 taxable income, (3) is allowed a depreciation deduction for property purportedly used in his trade or business, and (4) is liable for a section 6662(a) penalty relating to negligence.

FINDINGS OF FACT

Petitioner resided in San Antonio, Texas, at the time he filed his petition.

During the year in issue, petitioner was married to Bobbie J. Sandoval; was the sole proprietor of Allied Electric and Air Conditioning Co. (Allied Electric), an electric and air conditioning business; and was the owner of real estate in San Antonio located at 4330 Seabrook Drive (Seabrook), 320 Indiana (Indiana), and a duplex at 137 and 139 El Monte Boulevard (El Monte). Seabrook, Indiana, and El Monte were purchased in 1979, 1987, and 1988, respectively.

On petitioner's 1994 Federal income tax return, received by respondent on October 19, 1995, he omitted his rental activities, incorrectly claimed single filing status, and did not review the

return for accuracy.  Dan Mitchell, a certified public accountant, prepared petitioner's 1994 tax return.

Respondent used a bank deposit analysis to reconstruct petitioner's income relating to Allied Electric; disallowed $77,531 of Schedule C, Profit or Loss From Business, deductions, relating to Allied Electric; and determined a deficiency in petitioner's 1994 taxes and a section 6662(a) accuracy-related penalty.

## OPINION

### I.   Petitioner's Real Estate Activities

We sustain respondent's determinations relating to petitioner's residential properties.  Petitioner had the burden of proof,[1] yet presented unreliable documentary evidence and contradictory testimony.  Rule 142(a).

#### A.   139 El Monte

139 El Monte was not held for the production of income. Armando Pineda occupied the property for part of 1994, while petitioner's daughter occupied it for the remainder of the year. There is no credible evidence (i.e., rent payments, lease agreements, canceled checks, general ledgers, etc.) establishing that petitioner rented the property to those individuals. Depreciation and maintenance expenses relating to a residence

---

[1]Sec. 7491 is not applicable to this case.

occupied on a rent-free basis are not deductible.  Prince Trust v. Commissioner, 35 T.C. 974 (1961).

B.    Seabrook and Indiana

In determining the allocation of basis between land and improvements for Seabrook and Indiana, respondent relied on 1994 city government tax assessment records.  Petitioner complains that respondent should have used tax assessment records for the years in which each property was purchased, yet presented neither those records nor any other credible evidence to rebut respondent's determinations.

Petitioner contends that he is entitled to a 15-year recovery period for both Seabrook and Indiana.  Respondent contends, and we agree, that the appropriate recovery period for Seabrook, placed in service in 1979, is 20 years (i.e., the midpoint of the Class Life Asset Depreciation System's asset depreciation range, which is 16-24 years).  See Sprint Corp. v. Commissioner, 108 T.C. 384, 400 (1997); sec. 1.167(a)-11(b)(4)(i), Income Tax Regs.; Rev. Proc. 77-10, 1977-1 C.B. 548.  The recovery period for Indiana, placed in service in 1987, is 27.5 years.  Sec. 168(c).  We also sustain respondent's determination that petitioner received $3,900 rental income relating to Seabrook.

II.  Allied Electric Business Deductions

A.    Net Operating Loss Carryforwards

Petitioner contends, but failed to establish, that his 1994 income is offset by net operating losses.  See Jones v. Commissioner, 25 T.C. 1100, 1104 (1956)(holding that a taxpayer must prove the amount of the net operating loss carryforward deductions claimed and that his gross income in other years did not offset those losses), revd. and remanded on other grounds 259 F.2d 300 (5th Cir. 1958).  Petitioner's documentary evidence consisted of his tax returns and a worksheet with figures differing from those on the returns.  See Wilkinson v. Commissioner, 71 T.C. 633, 639 (1979)(holding that tax returns alone do not establish a taxpayer's entitlement to claimed deductions).  Respondent concedes petitioner had eligible net operating losses of $15,546, $3,577, $35,791, and $9,573 in 1982, 1989, 1991, and 1992, respectively.  These losses were absorbed by income in carryback and carryover years prior to 1994.  See sec. 172(b)(stating that net operating losses must be carried back 3 years and the remaining portion carried forward 15 years).  Accordingly, petitioner does not have a net operating loss carryforward in 1994.

B.    Additional Business Depreciation

Petitioner failed to establish that the Lincoln Town Car was used for business purposes.  We conclude, however, that the

Freuhauf vans, trailer, and the canopy, were used in petitioner's business. Accordingly, depreciation deductions relating to these items are allowed.

III. Negligence

Section 6662(a) and (b)(1) impose an accuracy-related penalty on the portion of an underpayment of tax attributable to negligence. Petitioner contends that no tax deficiency exists and blames his accountant for errors and omissions on his tax returns. We are unpersuaded. Petitioner overstated his deductions, underreported income, failed to report his rental activities, filed as single instead of married, failed to review the return, and had no reasonable cause for any of these errors. Petitioner did not exercise due care in the filing of his return and thus is liable for the section 6662(a) penalty.

Contentions we have not addressed are moot, irrelevant, or meritless.

To reflect the foregoing,

Decision will be entered

under Rule 155.