T.C. Memo. 2012-150

UNITED STATES TAX COURT

THOMAS C. SANDOVAL AND BOBBIE J. SANDOVAL, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25881-10L.                    Filed May 29, 2012.

Thomas C. Sandoval and Bobbie J. Sandoval, pro sese.

<u>Bruce M. Wilpon</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  This case was commenced under section 6330(d)(1) in

response to a notice of determination concerning collection action.  The issue for

decision is whether petitioners may challenge in this case the failure of decisions in

prior cases to allow net operating loss carryforwards.  All section references are to

the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioners resided in Texas when their petition was filed.

Petitioners' Federal income tax liabilities for 1985, 1987, 1989, and 1990 were the subject of this Court's docket No. 21220-96, filed September 30, 1996. After extended pretrial proceedings, the case was tried April 19, 1999. A Memorandum Opinion was filed June 27, 2000, as T.C. Memo. 2000-189 and directed entry of decision under Rule 155. Among the issues decided was "whether petitioners may claim net operating loss carrybacks or carryforwards * * * for the years in issue." The Court held that they could not because they offered only tax returns for prior years and no other evidence of such losses. Petitioners and respondent each filed separate computations for decision under Rule 155, and the Court ultimately accepted respondent's computation and rejected petitioners'. The decision was entered June 12, 2001, and was not appealed.

Thomas C. Sandoval, Jr.'s (petitioner) income tax liability for 1994 was the subject of docket No. 16395-98, filed October 5, 1998. After multiple pretrial proceedings, the case was tried March 13, 2001. A Memorandum Opinion was filed December 11, 2001, as T.C. Memo. 2001-310 and directed entry of decision under Rule 155. Among the issues decided was whether petitioner "has net operating losses to offset a portion of his 1994 taxable income". As to this issue, the Court held:

### A.     Net Operating Loss Carryforwards

Petitioner contends, but failed to establish, that his 1994 income is offset by net operating losses. See Jones v. Commissioner, 25 T.C. 1100, 1104 (1956) (holding that a taxpayer must prove the amount of the net operating loss carryforward deductions claimed and that his gross income in other years did not offset those losses), revd. and remanded on other grounds 259 F.2d 300 (5th Cir. 1958). Petitioner's documentary evidence consisted of his tax returns and a worksheet with figures differing from those on the returns. See Wilkinson v. Commissioner, 71 T.C. 633, 639 (1979) (holding that tax returns alone do not establish a taxpayer's entitlement to claimed deductions). Respondent concedes petitioner had eligible net operating losses of $15,546, $3,577, $35,791, and $9,573 in 1982, 1989, 1991, and 1992, respectively. These losses were absorbed by income in carryback and carryover years prior to 1994. See sec. 172(b) (stating that net operating losses must be carried back 3 years and the remaining portion carried forward 15 years). Accordingly, petitioner does not have a net operating loss carryfoward in 1994. [Id.]

Petitioner and respondent filed separate computations for decision. The Court accepted respondent's computations and entered a decision on May 24, 2002.

Petitioner filed a motion to vacate or revise the decision and to grant a new trial, but that motion was denied. Petitioner appealed the decision to the Court of Appeals for the Fifth Circuit, and the decision was affirmed by mandate issued July 7, 2003. In Sandoval v. Commissioner, 67 Fed. Appx. 252 (5th Cir. 2003), aff'g T.C. Memo. 2001-310, the Court of Appeals stated, in part: "[T]he Tax Court found that Sandoval had incurred net operating losses in past years, but those losses had been absorbed prior to 1994. Sandoval challenges this finding, but he presents no substantive evidence in support of his argument. For this reason, the Tax Court's judgment is not clearly erroneous."

Petitioners' income tax liability for 1995 was the subject of docket No. 14962-99 filed September 8, 1999. After the case was set for trial, the parties stipulated a decision that was entered March 1, 2002.

On July 27, 2009, a notice of intent to levy for unpaid income taxes for 1990, 1994, and 1995 was sent to petitioners. Petitioners requested and were granted a hearing pursuant to section 6330. Petitioners did not seek alternatives to collection and raised only petitioner's underlying liability for 1994 as determined in the decision in docket No. 16395-98, contending that the Court of Appeals for the Fifth Circuit had ruled that petitioner was entitled to net operating loss

carryovers.  A notice of determination sustaining the levy was sent November 4, 2010.

The parties here stipulated:  "The only issue in this case is whether the computations of tax in petitioners' prior Tax Court cases were accurate."

OPINION

Section 6330(a) establishes a taxpayer's right to notice and the opportunity for a hearing before a levy to collect assessed Federal taxes may be made.  Section 6330(c) specifies the matters to be considered at the hearing.  Section 6330(c)(2)(B) provides:

> Underlying liability.--The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

Section 6330(c)(4)(A) provides:

> Certain issues precluded.--An issue may not be raised at the hearing if--
>
> > (i) the issue was raised and considered at a previous hearing under section 6320 or in any other previous administrative or judicial proceeding; and
> >
> > (ii) the person seeking to raise the issue participated meaningfully in such hearing or proceeding* * *

These sections adopt the generally recognized doctrines of res judicata and collateral estoppel in the collection due process category of tax litigation. Res judicata bars repetitious suits on the same claim, and collateral estoppel precludes the relitigation of an issue previously litigated between the parties in one controversy when it recurs in other litigation between those parties. See generally Koprowski v. Commissioner, 138 T.C. ___, ___ (slip op. at 10-12) (Feb. 6, 2012).

Petitioners contend that their right to offset net operating loss carryforwards was never fairly addressed in the prior cases in which their liabilities for 1990, 1994, and 1995 were finally adjudicated. The records in those cases belie their assertion, however. The claimed net operating losses for 1990 and 1994 were specifically rejected for lack of proof in T.C. Memo. 2000-189 and T.C. Memo. 2001-310, respectively, after petitioners actively litigated those claims. They subsequently disputed the computations for decision in each case and appealed the decision as to 1994. The Court of Appeals for the Fifth Circuit affirmed this Court's conclusion that there was no proof that petitioner's net operating losses had not been absorbed and were available to offset petitioner's liability for 1994. That conclusion necessarily means that there were no net operating losses available to be carried over to 1995, the year that was resolved by entry of a stipulated decision.

Petitioners' attempt to relitigate matters previously decided against them is exactly what section 6330(c)(2)(B) and (4)(A) is intended to preclude.  They persist in the previously rejected implication that all they must show to be allowed a net operating loss carryover are copies of their tax returns claiming the losses.  They have not raised (and have by stipulation excluded) any other argument.  The notice of determination was not erroneous factually or legally, and

Decision will be entered

for respondent.