This tax case comes before the court on the government’s motion to dismiss for lack of jurisdiction and failure of plaintiff to state a claim upon which relief can be granted.
Plaintiff, pro se, seeks review of a Tax Court decision emanating from a "small-tax-case” proceeding conducted under Section 7463 of the Internal Revenue Code. I.R.C. *816 §7463. Alternatively, plaintiff apparently seeks a de novo determination of his tax liability for the taxable year 1974.
Plaintiff contends that the Tax Court erred in determining a deficiency of $193.20 for the taxable year 1974, and that plaintiff is entitled to additional deductions on his 1974 return which would totally extinguish his tax liability and entitle him to a refund of $243.63.
The government asserts that, under the provisions of the Internal Revenue Code, this court is without jurisdiction to review plaintiffs case. We agree and hold for the government.
This case is governed by I.R.C. §7463(b) which specifies that all decisions rendered thereunder shall be final.[1] Section 7463(b) reads as follows:
Finality of decisions. A decision entered in any case in which the proceedings are conducted under this section shall not be reviewed in any other court and shall not be treated as a precedent for any other case.
To the extent that plaintiff seeks a de novo proceeding in this court, such action is barred under the doctrine of res judicata. Cooper v. United States, 217 Ct. Cl. 697 (1978); Commissioner v. Sunnen, 333 U.S. 591, 598 (1948).
it is therefore ordered after consideration of the submissions of the parties, without oral argument, defendant’s motion to dismiss plaintiffs petition is granted. The petition is dismissed.

 Even if plaintiff had not elected to proceed under I.R.C. §7463, this court would not have jurisdiction to hear his appeal. Unless otherwise provided by statute, the Internal Revenue Code vests exclusive jurisdiction to review a decision of the Tax Court with the United States Court of Appeals. I.R.C. §7482(a).