EUGENE KOPROWSKI, PETITIONER *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT

Docket No. 13048–10.          Filed February 6, 2012.

P and W filed a joint return for 2006. R issued a notice of deficiency, and P and W filed a petition asking this Court to redetermine that deficiency. They elected to have the case proceed under small tax case procedures pursuant to I.R.C. sec. 7463. P signed the petition and all other filings. P and W moved for summary judgment; R cross-moved for summary judgment; and P and W opposed on various grounds, including P's entitlement to innocent spouse relief from joint liability under I.R.C. sec. 6015. At a calendar call before the Court, P spoke for himself and W. The parties withdrew their cross-motions and submitted a stipulated decision document by which P and W conceded the deficiency in full. The Court entered decision accordingly in November 2009. While the deficiency suit was pending, P had filed a Form 8857, "Request for Innocent Spouse Relief", for 2006. In May 2010 R denied the request for relief, and P timely filed a petition challenging that denial. R moved for summary judgment on grounds of res judicata arising from the entry of decision in the prior deficiency case. *Held*: Res judicata bars the relitigation of a liability determined in a small tax case under I.R.C. sec. 7463. *Held*, *further*, res judicata precludes P's attempted litigation of his I.R.C. sec. 6015(f) claim for the year that was the subject of the prior deficiency case. I.R.C. sec. 6015(g)(2) does not prevent the operation of res judicata, since P's claim for relief was an issue in the prior case, and he did participate meaningfully in the prior case.

Eugene Koprowski, for himself.
*Michael T. Shelton*, for respondent.

OPINION

GUSTAFSON, *Judge*: Petitioner Eugene Koprowski seeks this Court's review, pursuant to section 6015(e),[1] of the denial by the Internal Revenue Service (IRS) of his request for relief from his liability for income tax for 2006, for which he filed a joint return with his wife. The case is currently before the Court on a motion for summary judgment filed by respondent (the IRS) under Rule 121. We will grant that motion and sustain the IRS's determination on grounds of res judicata.

## *Background*

The following facts are based on the petition, our record in Mr. Koprowski's prior deficiency case (of which we take notice pursuant to Fed. R. Evid. 201), and facts that the IRS asserted and supported in its motion for summary judgment that Mr. Koprowski has not disputed.

### *2006 income issues*

Mr. and Mrs. Koprowski filed a joint Federal income tax return for the year 2006. The IRS thereafter took the position that Mrs. Koprowski had received in that year, from the estate of her late father, taxable distributions that were not reported on the Koprowskis' income tax return. In October 2008 the IRS issued to the Koprowskis jointly a notice of deficiency, determining a tax deficiency attributable to the inclusion of those distributions in their taxable income.

### *2006 deficiency case*

In January 2009 the Koprowskis filed a petition in this Court challenging the IRS's deficiency determination and asserting that the distributions at issue were "non-taxable inheritance". Both Mr. and Mrs. Koprowski signed the petition, on which they elected to have the case proceed under small tax case procedures pursuant to section 7463. The deficiency case proceeded as docket No. 1185–09S.

The Koprowskis made three additional filings in docket No. 1185–09S—(1) a motion for summary judgment, (2) a motion

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986 (26 U.S.C.), as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

to strike, and (3) an objection to a motion for summary judgment filed by the IRS, combined with their cross-motion—all of which were signed by both Mr. and Mrs. Koprowski. In the objection and cross-motion (filed October 13, 2009), the Koprowskis stated:

Petitioner Mr. Koprowski maintains an Affirmative Defense provided by an Innocent Spouse Claim per the case law doctrine of *King v. Commissioner* (115 TC No. 8 (2000)).

\* \* \* \* \* \* \*

9. Petitioner Mr. Koprowski, as the IRS's evidence demonstrates, did not receive any income as a beneficiary of a trust or estate.

10. Petitioner Mr. Koprowski should be granted Innocent Spouse Relief from the IRS regarding its Deficiency Notice. On October 11, 2009 after he received the evidence requested from the IRS regarding the estate, he immediately filed a request for innocent spouse relief with IRS. (See Exhibit B of the Objections filing, IRS Form 8857, Request for Innocent Spouse Relief.)

[Emphasis omitted.]

When the deficiency case was first called from the calendar for trial on October 26, 2009, Mrs. Koprowski said only "Good morning", and Mr. Koprowski spoke for the couple, to schedule argument on the cross-motions for summary judgment. Later that day a volunteer lawyer entered an appearance on their behalf; and when the case was recalled, both parties withdrew their motions for summary judgment. Two days later the Koprowskis' volunteer lawyer signed on the Koprowskis' behalf a stipulated decision document, by which the Court entered decision on November 9, 2009, sustaining the IRS's deficiency determination. We assume that thereafter the tax was duly assessed against both the Koprowskis as the joint and several liability of each of them.

The Koprowskis have not alleged in this case that there was any defect in those proceedings in docket No. 1185–09S, and they have not filed in docket No. 1185–09S any motion to vacate or revise the decision in that case.

*Mr. Koprowski's request for relief*

As is noted above, while the deficiency case was pending, Mr. Koprowski submitted to the IRS in October 2009 a Form 8857, "Request for Innocent Spouse Relief", seeking to be relieved from liability for the tax attributable to the distributions from his wife's father's estate. Mr. Koprowski asserts

(in his petition in the present case)—and we assume true for purposes of the IRS's pending motion—that, in conjunction with his request to the IRS for innocent spouse relief, he presented to the IRS evidence showing that he "did not know and had no reason to know of the understatement at the time the return was signed." In May 2010 the IRS denied the relief he requested.

*Proceedings in the present case*

On June 8, 2010, Mr. Koprowski filed his petition commencing the instant case seeking review of the IRS's denial of his request for innocent spouse relief. The petition indicates that he resides in Illinois. His petition seeks relief from joint liability on various grounds, including that "[a]ny taxes owed on the gift should be paid for by the [wife's] father's estate", and "IRS erred by not following the Internal Revenue Manual (IRM) which details how to handle cases hinging on the timely, good faith filing of tax returns." The IRS filed its answer to the petition on August 3, 2010.

On September 28, 2011,[2] respondent moved for summary judgment on grounds of res judicata, i.e., that Mr. Koprowski's suit is precluded by the decision entered against him in the deficiency case. By order of September 29, 2011, the Court ordered Mr. Koprowski to file a response and advised him:

If Mr. Koprowski disagrees with the facts set out in the IRS's motion, then Mr. Koprowski's response should point out the specific facts in dispute. The response should support Mr. Koprowski's version of the facts by attaching relevant documents and/or by attaching one or more affidavits (i.e., written statements that are signed and sworn before a notary) or unsworn declarations that are made "under penalty of perjury" (see 28 U.S.C. sec. 1746). If Mr. Koprowski disagrees with the IRS's argument as to the law, then his response should also set out his position on the disputed legal issues.

Mr. Koprowski's attention is directed to Tax Court Rule 121 (available on the court's website at www.ustaxcourt.gov), which sets out the principles for filing, opposing, and resolving motions for summary judgment. In particular, Mr. Koprowski should note that Rule 121(d) provides, "If the

---

[2] Mr. Koprowski opposes the IRS's motion on the grounds that "After 16 months of litigation, and numerous briefs and pleadings, Respondent IRS suddenly raises the issue of res judicata in its latest pleading, a motion." Under Rule 121(a), however, a motion for summary judgment is timely if raised "no later than 60 days before the first day of the Court's session at which the case is calendared for trial". Since this case is on a calendar set for February 27, 2012, the IRS's motion was timely.

adverse party [i.e., Mr. Koprowski] does not so respond [to a motion for summary judgment], then a decision, if appropriate, may be entered against such party”—i.e., against Mr. Koprowski.

Mr. Koprowski’s attention is also directed to *Harbin v. Commissioner*, 137 T.C. No. 7 (Sept. 26, 2011), and *Haag v. Commissioner*, T.C. Memo. 2011–87 (Apr. 19, 2011), slip op. at 18–20, two recent decisions of this Court that discuss res judicata and section 6015(g)(2).

Mr. Koprowski filed his response on September 30, 2011. His response did not discuss section 6015(g)(2). The Court’s order of October 17, 2011, observed—

Mr. Koprowski’s recent response does make factual assertions, but it was not accompanied by any documents, affidavits, or unsworn statements under penalty of perjury. The Court will give him an opportunity to supplement his response with such materials

—and ordered him to do so by October 31, 2011. On that date Mr. Koprowski did file a supplement to his response. His supplement argued generally that res judicata should not apply, but it did not present any evidentiary materials, and it did not discuss section 6015(g)(2).

## *Discussion*

### I. *General legal principles*

#### A. *Relief from joint liability*

Section 6013(d)(3) provides that when married taxpayers file a joint return, the tax is computed on their aggregate income, and their liability to pay the tax shown on the return or found to be owing is joint and several. *See also* 26 C.F.R. sec. 1.6013–4(b), Income Tax Regs. That is, each spouse is liable for the entire joint tax liability. However, section 6015 provides several means for a taxpayer to seek relief from joint liability; and if the IRS determines not to grant such relief to a taxpayer, section 6015(e) gives this Court jurisdiction to review that determination.

#### B. *Small tax cases under section 7463*

Section 7463(a) provides that, where a Tax Court petition involves an amount not exceeding $50,000—

at the option of the taxpayer concurred in by the Tax Court * * *, proceedings in the case shall be conducted under this section. Notwithstanding the provisions of section 7453, such proceedings shall be con-

ducted in accordance with such rules of evidence, practice, and procedure as the Tax Court may prescribe. * * *

The Tax Court has implemented this provision in Title XVII of its Rules (i.e., Rules 170–175). Under Rule 174(b), "Trials of small tax cases will be conducted as informally as possible consistent with orderly procedure, and any evidence deemed by the Court to have probative value shall be admissible."

Section 7463(b) provides as follows:

> SEC. 7463(b). FINALITY OF DECISIONS.—A decision entered in any case in which the proceedings are conducted under this section shall not be reviewed in any other court and shall not be treated as a precedent for any other case.

By precluding any appeal of the decision in a small tax case, section 7463(b) deprives the electing petitioner of his opportunity to appeal an adverse decision, but it also protects him from the difficulty of defending any appeal by the IRS of a decision favorable to him. Presumably, Mr. and Mrs. Koprowski weighed these considerations in deciding to elect small tax case status for their prior deficiency case.

## C. *Res judicata and collateral estoppel*

The IRS's motion now before us invokes only the doctrine of res judicata, and not the related doctrine of collateral estoppel. Mr. Koprowski mentions both, but in fact collateral estoppel is not implicated here. However, we nonetheless include collateral estoppel in our discussion because the doctrines have important differences that affect our analysis. Both these doctrines "have the dual purpose of protecting litigants from the burden of relitigating an identical issue and of promoting judicial economy by preventing unnecessary or redundant litigation", *Meier v. Commissioner*, 91 T.C. 273, 282 (1988), but the reach of these two doctrines is not the same.

### 1. *Res judicata*

Res judicata (Latin for "a thing adjudicated"), or claim preclusion, is an affirmative defense[3] developed by the courts to

---

[3] Res judicata is not a jurisdictional defense but rather is an affirmative defense, *see* Rule 39, that may therefore be waived, *see Tully v. Barada*, 599 F.3d 591, 594 (7th Cir. 2010); *Rizzo v. Sheahan*, 266 F.3d 705, 714 (7th Cir. 2001). Thus, notwithstanding a prior deficiency case, a

Continued

bar repetitious suits on the same cause of action, and this doctrine is applicable to tax litigation. As the Supreme Court explained:

[W]hen a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound "not only as to every *matter which was offered* and received to sustain or defeat the claim or demand, but as to *any other admissible matter which might have been offered* for that purpose." * * *

\*     \*     \*     \*     \*     \*     \*

* * * Income taxes are levied on an annual basis. Each year is the origin of a new liability and of a separate cause of action. Thus if a claim of liability or non-liability relating to a particular tax year is litigated, a judgment on the merits is res judicata as to any subsequent proceeding involving the same claim and the same tax year. * * *

[*Commissioner v. Sunnen*, 333 U.S. 591, 597–598 (1948) (quoting *Cromwell v. Cnty. of Sac*, 94 U.S. 351, 352 (1876); emphasis added).]

That is, each tax year is a separate cause of action, and res judicata makes truly final a final judgment on that cause of action. Where the cause of action of a taxpayer's liability in a given tax year has been litigated (as Mr. Koprowski's tax liability for 2006 was litigated in the deficiency case, docket No. 1185–09S), the parties may thereafter be barred from relitigating that liability—whether by reference either to a "matter which was offered" in that prior suit (such as the adjustments on the notice of deficiency) *or* to a "matter which might have been offered" in the prior suit—unless there is an exception that prevents the application of the doctrine of res judicata.

## 2. *Collateral estoppel*

Collateral estoppel, or issue preclusion, prevents the relitigation of an issue that has been previously litigated between the parties in one controversy but that recurs in other litigation between them in different controversies. Simply stated the difference between the two doctrines is this:

---

section 6015 claim may be litigated where "[t]he parties previously agreed that any request by petitioner for relief from joint and several liability under section 6015 would not be determined in the" deficiency case. *Greer v. Commissioner*, T.C. Memo. 2009–20, slip op. at 4–5, *aff'd*, 595 F.3d 338 (6th Cir. 2010). However, neither in the hearings in docket No. 1185–09S nor in the stipulated decision document that the parties submitted in that case did the Commissioner waive any res judicata defense against Mr. Koprowski's section 6015 claim.

Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. * * * Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action * * *. [*Allen v. McCurry*, 449 U.S. 90, 94 (1980).]

Collateral estoppel thus precludes relitigation not only in connection with the cause of action previously litigated but even in connection with different claims or causes of action. Because collateral estoppel has this broader reach, the courts have perceived that its rigid application might have unjust results. The Supreme Court has observed that it might be—

unfair to apply offensive estoppel * * * where the second action affords the defendant procedural opportunities unavailable in the first action that could readily cause a different result.[15]

[15]If, for example, the defendant in the first action was forced to defend in an inconvenient forum and therefore was unable to engage in full discovery or call witnesses, application of offensive collateral estoppel may be unwarranted. Indeed, differences in available procedures may sometimes justify not allowing a prior judgment to have estoppel effect in a subsequent action even between the same parties, or where defensive estoppel is asserted against a plaintiff who has litigated and lost. * * *
[*Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331 (1979).[4]]

Consequently, there are limits to the application of collateral estoppel. Unlike res judicata, which binds the parties as to any matter that "might have been offered", whether or not that matter was actually litigated, collateral estoppel applies only to issues that were actually litigated in the first suit. The rule of collateral estoppel provides that "[w]hen an issue of fact or law is *actually litigated* and determined by a valid and final judgment, and the determination is essential to the

[4]The potential unfairness of collaterally estopping relitigation of an issue may be aggravated where collateral estoppel is used "offensively"—i.e., where "a plaintiff is seeking to estop a defendant from relitigating the issues which the defendant previously litigated and lost against another plaintiff", *Parklane Hosiery*, 439 U.S. at 329—and may be particularly acute where an issue has a small-dollar consequence in the first case and has a large-dollar consequence in the subsequent case. "If a defendant in the first action is sued for small or nominal damages, he may have little incentive to defend vigorously, particularly if future suits are not foreseeable". *Id.* at 330; *see also Yamaha Corp. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992) ("An example of such unfairness would be when the losing party clearly lacked any incentive to litigate the point in the first trial, but the stakes of the second trial are of a vastly greater magnitude"); *Otherson v. Dep't of Justice, INS*, 711 F.2d 267, 273 (D.C. Cir. 1983) (issue "[p]reclusion is sometimes unfair if the party to be bound lacked an incentive to litigate in the first trial, especially in comparison to the stakes of the second trial"). These concerns are not implicated where the same cause of action is at issue in both trials, and the "stakes" of the second trial are, by definition, not greater than but identical to the "stakes" of the first.

judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." 1 Restatement, Judgments 2d, sec. 27 (1982) (emphasis added); *see also Montana v. United States*, 440 U.S. 147, 153–154 (1979). Some even hold that, for purposes of collateral estoppel, "the availability of judicial review is a crucial factor in determining preclusive effect." *Wehrli v. Cnty. of Orange*, 175 F.3d 692, 694 (9th Cir. 1999).

A small tax case under section 7463(b) involves a small amount, is resolved under less formal procedures, and receives no appellate review. For these reasons, the question whether a decision in a small tax case gives rise to collateral estoppel (or "issue preclusion") is controversial, *cf. Mitchell v. Commissioner*, 131 T.C. 215, 221–239 (2008) (Holmes, J., concurring) (discussing the collateral estoppel effect of small tax cases); but in this case we do not face the question whether collateral estoppel arises from a decision in a small tax case. We resolve only the application of res judicata.

## II. *Res judicata arising from docket No. 1185–09S*

Mr. Koprowski's income tax liability for 2006 (the year for which he now seeks relief from joint liability) has already been decided in the deficiency case, and the doctrine of res judicata requires us to follow that prior decision. Under the Supreme Court's explication of res judicata in *Commissioner v. Sunnen*, 333 U.S. at 597–598, four conditions must be met to preclude relitigation of a claim: (1) the parties in each action must be identical (or at least be in privity); (2) a court of competent jurisdiction must have rendered the first judgment; (3) the prior action must have resulted in a final judgment on the merits; and (4) the same cause of action or claim must be involved in both suits. *See United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994). Once these conditions are met, each party is prohibited from raising any claim or defense that was or could have been raised as part of the litigation over the cause of action in the prior case. *Id.* Those four conditions are met here:

1. In the deficiency case Mr. Koprowski was a petitioner, and the Commissioner of Internal Revenue was the respondent. In this case, Mr. Koprowski is again the peti-

tioner, and the Commissioner is again the respondent. Thus, the parties are identical.

2. In the deficiency case the Koprowskis filed their deficiency suit in the only court authorized under section 6213(a) to hear such suits—i.e., this Court. Clearly we had jurisdiction in that prior case.

3. The deficiency case concluded with the entry of a decision by the Court on November 9, 2009, pursuant to the stipulation of the parties. Our decision was a final judgment on the merits of the Koprowskis' 2006 joint and several liability.

4. Finally, in the present case Mr. Koprowski seeks innocent spouse relief from the very liability—i.e., the 2006 joint income tax liability—as to which this Court in the deficiency case determined that he was jointly and severally liable. The claims are thus identical.

Since the four conditions for claim preclusion are present, relitigation of Mr. Koprowski's claim is barred by res judicata, unless he can invoke some exception to its application.

III. *Arguments against the application of res judicata*

A. *Res judicata arising from a small tax case*

Mr. Koprowski asserts that the deficiency case was a "small case" that proceeded under section 7463; and it appears he may be arguing that res judicata does not arise from such a case. If this is his argument, then we must reject it. To assert that res judicata does *not* attach to the decision of a small tax case under section 7463 is to assert that Congress created in that statute a regime exempt from res judicata. This assertion, however, effectively overlooks section 7463(b), which explicitly provides:

SEC. 7463(b). FINALITY OF DECISIONS.—A decision entered in any case in which the proceedings are conducted under this section shall not be reviewed in any other court and shall not be treated as a precedent[5] for any other case.

---

[5] If Mr. Koprowski's denial of res judicata is prompted by the provision of section 7463(b) that a small tax case decision "shall not be treated as precedent", then that position is answered by observing (i) that res judicata is a bar to litigation, not a "precedent" that dictates its outcome, and (ii) that before denying "precedent" status to small tax case decisions, subsection (b) first gives those decisions "Finality" by providing that no other court can review them. Thus, in *Ginalski v. Commissioner*, T.C. Memo. 2004–104, we rejected in dictum the argument that "the limitation on citing Summary Opinions as precedence deprives them of the effect of res judi-

Continued

This subsection *assures* the "[f]inality"[6] of a small tax case decision by exempting it from appellate review. It would flatly contradict the evident congressional purpose to hold that the denial of appellate review *deprives* the decision of finality.

If res judicata did not apply to decisions in small tax cases because of a principle that such cases, by their nature, should not bar future litigation, then this principle would be subject to anomalies: Section 6512(a) bars a taxpayer from filing a refund suit for a tax year for which he has previously filed a timely Tax Court petition. On the other hand, section 6215(a) bars the Government from filing suit to collect any part of a deficiency determined by the IRS that the Tax Court has "disallowed". These provisions, equivalent to res judicata, grant preclusive effect to Tax Court litigation, without distinguishing between regular cases and small tax cases. In light of these provisions, it would be incoherent to find that section 7463(b) implicitly exempts small tax cases from the effect of res judicata.

The Court of Claims explicitly held that attempted relitigation after a decision in a small tax case in the Tax Court under section 7463 "is barred under the doctrine of *res judicata*." *Vaitkus v. United States*, 230 Ct. Cl. 815, 815 (1982). The text of section 7463(b) permits no other result. We therefore hold that the doctrine of res judicata does bar relitigation after a decision in a small tax case under section 7463.

B. *Section 6015(g)(2)*

Mr. Koprowski further resists the application of res judicata on the grounds that his entitlement to innocent spouse relief "was not raised in previous litigation *nor adjudicated* on its merits in the previous case." Mr. Koprowski is wrong in asserting that the defense "was not raised", since in the deficiency case he did assert an innocent spouse defense in

_____

cata".

[6] The heading of section 7463(b)—"Finality of Decisions"—helps to illuminate its meaning and purpose. *See Almendarez-Torres v. United States*, 523 U.S. 224, 234 (1998) ("'the title of a statute and the heading of a section' are 'tools available for the resolution of a doubt' about the meaning of a statute" (quoting *Trainmen v. Baltimore & Ohio R. Co.*, 331 U.S. 519, 528–529 (1947))); *Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011) ("'while a statute's title does not define its meaning, it is relevant'" (quoting *United States v. Chemetco*, 274 F.3d 1154, 1159 (7th Cir. 2001))); *cf.* sec. 7806(b) ("descriptive matter relating to the contents of" the Internal Revenue Code shall not "be given any legal effect").

his opposition to the IRS's motion for summary judgment (as we quote above). However, in a sense he is correct in asserting that the issue "was not * * * adjudicated", since the parties withdrew their cross-motions for summary judgment and the Koprowskis conceded the case in full, so that the Court entered decision without addressing section 6015 (or any other issue).

In circumstances outside section 6015 this would be beside the point, since res judicata bars not just issues that were actually raised but rather "issues that were *or could have been raised* in that action". *Allen*, 449 U.S. at 94 (emphasis added). Thus, in other circumstances we would not inquire to learn the extent to which the particular issue had actually been raised and adjudicated; res judicata would apply in any event.

However, under section 6015(g)(2) an innocent spouse claimant can sometimes overcome res judicata, if the claimant can meet two conditions. Section 6015(g)(2) provides:

(2) RES JUDICATA.—In the case of any election under subsection (b) or (c) or of any request for equitable relief under subsection (f), if a decision of a court in any prior proceeding for the same taxable year has become final, such decision shall be conclusive *except with respect to the qualification of the individual for relief which was not an issue in such proceeding.* The exception contained in the preceding sentence shall not apply if the court determines that *the individual participated meaningfully in such prior proceeding.* [Emphasis added.]

Under this statute, to escape the effect of res judicata from prior litigation, the requesting spouse must show (1) that his innocent spouse claim "was not an issue" in the prior proceeding *and* (2) that he did not "participate[ ] meaningfully" in the prior proceeding. Mr. Koprowski meets neither of those conditions.

First, his innocent spouse claim was explicitly put at issue in the prior proceeding by the Koprowskis' objection and cross-motion, quoted above. For this reason alone, section 6015(g)(2) does not apply to relieve Mr. Koprowski from the "conclusive" effect of the prior suit.

Second, even if Mr. Koprowski had not explicitly raised an innocent spouse claim in the deficiency case, to overcome res judicata in the present case he would also have to show that he did not meaningfully participate in the deficiency case; and to make such a showing, he would have to overcome the

contrary indications in our records: Mr. Koprowski signed the petition in the deficiency case—and all other papers that the petitioners filed with the Court. The innocent spouse claim, which was to his benefit and was to the detriment of Mrs. Koprowski, was asserted in their opposition to the IRS's motion for summary judgment. When they appeared in person before the Court, Mrs. Koprowski was all but silent, and it was Mr. Koprowski who spoke for the two of them. The record thus indicates that he did meaningfully participate in the deficiency case, and he does not allege that he did not. He therefore fails, for this additional reason, to satisfy section 6015(g)(2), and he is not relieved from the operation of res judicata in this instance.

Because res judicata does bar Mr. Koprowski's relitigation of the 2006 income tax liability that he already litigated in the deficiency case, we will grant the IRS's motion for summary judgment and will affirm the IRS's determination not to grant Mr. Koprowski relief from that liability.

To reflect the foregoing,

> *An appropriate order and decision will be entered.*

Reviewed by the Court.

COLVIN, COHEN, HALPERN, FOLEY, VASQUEZ, GALE, THORNTON, GOEKE, WHERRY, KROUPA, HOLMES, and MORRISON, *JJ.*, agree with this opinion of the Court.

MARVEL and PARIS, *JJ.*, concur in the result only.

---

HOLMES, *J.*, concurring: I agree with the rest of the Court that a final decision in an S case precludes any claim in a later case that could have been raised, subject to the statutory exception of section 6015(g)(2). I write separately only to note that the same result will certainly follow when the Court finally addresses the question of whether decisions in S cases collaterally estop losing parties from relitigating the same issues in later cases. *See Mitchell v. Commissioner*, 131 T.C. 215, 221–39 (2008) (Holmes, J., concurring).

The Supreme Court has reminded us that we should not "carve out an approach to administrative review good for tax law only." *Mayo Found. for Med. Educ. & Research v. United*

*States*, 562 U.S. ____, ____, 131 S. Ct. 704, 713 (2011). The same goes for the federal common law of judgments: "The preclusive effect of a federal-court judgment is determined by federal common law." *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). It is not our job to try to figure out whether preclusion is a good policy or a bad one and in what circumstances we think it best applies: "A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a 'right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies.'" *Montana v. United States*, 440 U.S. 147, 153 (1979) (quoting *S. Pac. R.R. Co. v. United States*, 168 U.S. 1, 48–49 (1897)).