157 T.C. No. 12

UNITED STATES TAX COURT

ALICE J. COGGIN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21580-19.                    Filed December 8, 2021.

P filed amended tax returns for years 2001-09, and claimed refunds with respect to years 2001-07. P's claimed refunds were rejected by the IRS for years 2003, 2004, and 2007, and P subsequently filed a complaint in the U.S. District Court seeking refunds for years 2001-07. The Government, as defendant, filed a counterclaim against P seeking to reduce P's remaining balances due for years 2002-09 to judgment.

By order, the District Court granted summary judgment in favor of the Government, dismissing P's refund claims; however, the District Court retained jurisdiction over the Government's counterclaim. As a defense to the Government's counterclaim, P now seeks innocent spouse relief under I.R.C. sec. 6015 for years 2001-09, and has brought a petition before this Court seeking such relief. R answered P's petition and has filed a motion to dismiss for lack of jurisdiction.

**Held**:  Where, as here, a District Court acquires jurisdiction in a suit for refund, it acquires jurisdiction over the entire liability for that tax year including the taxpayer's claim for recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected.  Accordingly, R's motion to dismiss for lack of jurisdiction will be granted as to years 2001-07 and denied as to years 2008 and 2009.

Brian C. Bernhardt, for petitioner.

Olivia H. Rembach and Ashley M. Bender, for respondent.

OPINION

WEILER, Judge:  This case is before the Court on respondent's motion to dismiss for lack of jurisdiction.  We will grant respondent's motion in part and deny it in part for the reasons outlined below.

Background

The following recitation of facts is drawn from the allegations in the pleadings, respondent's motion to dismiss for lack of jurisdiction, petitioner Alice J. Coggin's written response, and supporting exhibits.[1]  These facts are stated

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

solely for the purpose of ruling on respondent's motion to dismiss for lack of jurisdiction. When this petition was filed, Ms. Coggin resided in North Carolina.

I.      Ms. Coggin's Tax Return

Ms. Coggin married her husband, Phillip Ray Coggin, Sr., in 1950, and they remained married until his death on May 13, 2011. Each spouse owned a 50% interest in an S corporation. During their marriage Mr. Coggin untimely filed Forms 1040, U.S. Individual Income Tax Return, for years 2001-09 (joint returns).[2] For years 2001-07, Mr. Coggin made untimely full payments of the tax liabilities with the tax returns but did not pay any penalties, additions to tax, or interest. Mr. Coggin made a partial payment for year 2008 and made no payments for year 2009. As a result, the outstanding tax liabilities, penalties, and additions to tax for all relevant years were assessed against both spouses.

Ms. Coggin first learned about the joint returns and tax liabilities arising from them only weeks before her husband's death. At the advice of her attorney Ms. Coggin subsequently filed individual Forms 1040 for tax years 2001-09 (separate returns) on which she reported her 50% shares of the income from the S corporation. On those returns she elected "married filing separately" status. The separate returns for years 2001-07 reported that Ms. Coggin was entitled to

_____

[2]Mr. Coggin elected to file "married filing jointly" on the joint returns.

refunds for those years.[3]  The separate returns did not claim innocent spouse status or discuss section 6015.  For years 2003, 2004, and 2007 the Internal Revenue Service (IRS) mailed to Ms. Coggin notices of disallowance pursuant to section 6532(a), disallowing the claims on the separate returns.  The notice of disallowance for year 2007 was mailed in February 2014, and the notices of disallowance for years 2003 and 2004 were mailed in March 2017.

II.    Ms. Coggin's Tax Refund Action in the District Court

In February 2016 two years after the notice of disallowance for year 2007 was mailed, Ms. Coggin filed a complaint against the United States in the U.S. District Court for the Middle District of North Carolina seeking tax refunds for years 2007 and 2009.  She later filed first and second amended complaints that sought a refund for year 2007 only.  She then, in July 2017, filed a third (and ultimately operative) amended complaint that sought refunds for years 2001-07.[4] Ms. Coggin's refund suit in the District Court alleged that her husband had signed her name to the joint returns without her knowledge or consent, the joint returns were thus invalid, and she was entitled to refunds on the basis of the separate

---

[3]Ms. Coggin did not claim a refund for years 2008 and 2009 since full payment has not been made for these two years.

[4]Ms. Coggin withdrew her complaint as to tax year 2009 by amending the complaint to exclude it; at no point did her complaint include tax year 2008.

returns. Her pleadings do not mention her innocent spouse status or refer to relief under section 6015.

## III. The United States' Counterclaim

In its answer to Ms. Coggin's third amended complaint the United States included a counterclaim in the District Court "to reduce * * * [Ms. Coggin's] liabilities for the 2002 through 2009 tax years" to judgment.[5] In her September 2017 answer to the United States' counterclaim, Ms. Coggin does not raise an innocent spouse defense but instead relies on her separate returns and alleges she is "entitled to refunds as set forth * * * in her Third Amended Complaint". She alleges that certain correspondence of her representative in April 2011 constituted an "informal claim" and that she perfected that informal claim by mailing her separate returns to the IRS in August 2013. Ms. Coggin alleges that the IRS' failure to accept her separate returns and allow the claimed refunds was error.[6]

---

[5]The United States alleged total "Assessed Tax Amount[s]" of $980,000 plus "accrued statutory additions for penalties and interest". Since tax of $980,000 has been paid, the District Court construes in the July 2018 order that Ms. Coggin's liabilities include: (1) unpaid penalties and interest for years 2002-07 and (2) unpaid tax, penalties, and interest for years 2008 and 2009.

[6]In essence Ms. Coggin asserts her entitlement to a refund as a reason that the United States is not entitled to judgment on its counterclaim.

As of September 2017 Ms. Coggin's complaint in the District Court sought a tax refund for years 2001-07, while the United States' counterclaim sought a judgment against Ms. Coggin for remaining balances due for years 2002-09.

IV.    The Government's Motion for Summary Judgment

In April 2018 the United States moved for summary judgment in the District Court regarding Ms. Coggin's refund claims for years 2001-07.[7]  In July 2018 the District Court granted the United States' motion for summary judgment.  In the July 2018 order the District Court discussed the jurisdictional requirements for a refund suit, held that the joint returns filed for years 2001-07 were valid, and dismissed Ms. Coggin's refund claims, stating:  "It is ORDERED that the United States motion for summary judgment, Doc. 47, is GRANTED and the plaintiff's claims are dismissed.  The defendant's counterclaims will proceed to trial".  The District Court further stated:  "The Court has not evaluated and makes no ruling on whether the innocent spouse exception relieves Ms. Coggin of liability from the defendant's counterclaim for [tax], penalties and interest".  The District Court has

---

[7]The motion for summary judgment on the refund claim was not for dismissal for lack of jurisdiction.  Also, at some point during the pendency of the United States' motion for summary judgment Ms. Coggin conceded her refund claim for tax year 2001; however, this concession does not change the outcome of this case, since a litigant's concession generally does not affect the District Court's jurisdiction over the matter.

not entered a final appealable order or judgment as to Ms. Coggin's refund claims; nor does the District Court's order address years 2008 and 2009.[8]

On or about October 19, 2018, after the District Court's ruling on respondent's motion for summary judgment, Ms. Coggin submitted to the IRS Form 8857, Request for Innocent Spouse Relief,[9] under section 6015 for years 2001-09.[10]  A few days later Ms. Coggin filed a motion to stay the proceeding with the District Court, asking the District Court to "stay this action until such time as Plaintiff's Request for Innocent Spouse Relief * * * has been fully processed in

---

[8]See Fed. R. Civ. P. 54(b) ("When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim-- * * * the court may direct entry of a final judgment as to one or more, but fewer than all, claims * * * only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").

[9]The request for relief included years 2008 and 2009, which were not part of Ms. Coggin's refund suit (as amended) but were included in the United States' counterclaim and Ms. Coggin's answer to the counterclaim.

[10]Sec. 6013(d)(3) provides that when a married couple elects "married filing jointly" on an income tax return, "the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several." However, an exception to such joint and several liability exists.  Sec. 6015(a) provides that, notwithstanding sec. 6013(d)(3), an individual who has made a joint return may seek relief from joint and several liability on that return.

the Internal Revenue Service and, as may be applicable, litigated in the United States Tax Court". This was Ms. Coggin's first mention of innocent spouse status in the District Court case. In January 2019 the District Court (through a Magistrate Judge) granted Ms. Coggin's motion for stay, stating:

> [T]he Court finds first that a stay is warranted under 26 USC § 6015(e)(1)(B), which provides that no proceeding in court shall be prosecuted against an individual requesting relief under § 6015(b), (c), or (f). Defendant's counterclaims are now being prosecuted in this Court, and the United States has not presented any case or analysis to show that § 6015(e)(1)(B) would not apply here. Moreover, even if that provision did not specifically apply here, the Court finds that * * * its equitable authority should be exercised to stay this proceeding while the Innocent Spouse defense is litigated. * * *

> * * * [T]his case will be stayed pending resolution of Ms. Coggin's Innocent Spouse defense through the administrative process. The stay will remain in place in this proceeding until it is lifted by further order of the Court. Because this case is being stayed to allow that matter to proceed administratively, any litigation freeze with the IRS should be lifted, and the administrative proceeding should be reopened to allow that Innocent Spouse defense to be processed. * * *

> Finally, the Court notes that there appears to be a separate issue with respect to whether any appeal from the IRS determination would be to this Court or to the Tax Court. This issue was not fully briefed by the Parties, and the United States requested the opportunity to brief the issue if the Internal Revenue Service denies relief and an appeal is filed. The Court will not make a preemptive determination on an issue that has not been presented or briefed and that may not ultimately materialize.

In February 2019 the United States filed an objection to the Magistrate

Judge's order staying the case.  By order of March 18, 2019, the District Court

overruled the United States' objection, affirmed and adopted the Magistrate

Judge's order, and granted the motion to stay.  However, the District Court further

clarified as to the administrative proceeding:

> The Magistrate Judge's use of the word "should" merely reflects that
> to the extent there was an administrative stay in the Plaintiff's IRS
> proceedings as a result of this case, it would appear that such a stay
> could be lifted.  It does not order the IRS to do anything in connection
> with administrative proceedings, and to the extent it can be read that
> way, the order is not adopted.

V.    Ms. Coggin's Case Before the Tax Court

On December 6, 2019, Ms. Coggin filed a petition with this Court pursuant

to section 6015(e), seeking review of the denial of her request for innocent spouse

relief.[11]  Attached to the petition was a letter from the United States Department of

Justice Tax Division (Tax Division) dated September 9, 2019, addressed to

Michael J. Allen of Carruthers & Roth, P.A.,[12] whereby Ms. Coggin's request for

---

[11]When this petition was filed, six of Ms. Coggin's refund claims (years 2002-07) had been dismissed by the District Court but final judgment had not been entered.  Accordingly, Ms. Coggin's refund claims and the United States' counterclaim for 2002-09 remain pending before the District Court.

[12]Mr. Allen is one of Ms. Coggin's counsel in this case and in the District Court proceeding.

innocent spouse relief relating to tax years 2001-09 was denied.  Ms. Coggin did not receive a notice of final determination of relief or other communication from the IRS regarding her request for innocent spouse relief.  In the petition Ms. Coggin asks this Court to determine that:  (1) she is entitled to innocent spouse relief with respect to years 2001-09; (2) her tax, penalty, and interest liabilities are abated with respect to years 2001-09; and (3) she has no tax, penalty, and/or interest liabilities owed with respect to years 2001-09.

Respondent answered Ms. Coggin's petition and then filed a motion to dismiss for lack of jurisdiction.  Ms. Coggin was ordered by this Court to file a response to respondent's motion, and she filed a response in opposition.

Discussion

I.    Legal Framework

    A.    Tax Court's Jurisdiction Over Innocent Spouse Relief

Like other Federal courts, the Tax Court is a court of limited jurisdiction. Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  We exercise our jurisdiction only to the extent authorized by Congress.  Id.  Congress vested the Tax Court with jurisdiction to determine the appropriate relief from joint and several liability on a joint return under section 6015 (commonly known as "innocent spouse relief") in certain circumstances.  Sec. 6015(e); see King v. Commissioner, 115

T.C. 118, 121-122 (2000); Corson v. Commissioner, 114 T.C. 354, 363-364 (2000).

The petition in this case was filed with the Tax Court as a so-called stand-alone petition seeking relief from joint and several liability on a joint return under section 6015.[13] See sec. 6015(e)(1)(A); Mora v. Commissioner, 117 T.C. 279 (2001); Fernandez v. Commissioner, 114 T.C. 324 (2000). In such a proceeding section 6015(e)(1)(A) provides that "[i]n addition to any other remedy provided by law, the individual may petition the Tax Court (and the Tax Court shall have jurisdiction) to determine the appropriate relief available to the individual under this section" so long as certain statutory conditions are met. Maier v. Commissioner, 119 T.C. 267, 270-271 (2002), aff'd, 360 F.3d 361 (2d Cir. 2004). Section 6015(e)(1)(A) provides that the petition to the Tax Court is to

_____

[13]There are three jurisdictional bases for the Tax Court to review a taxpayer's entitlement to innocent spouse relief. A taxpayer may seek relief from joint and several liability on a joint return by raising the matter as an affirmative defense in a petition for redetermination invoking the Court's deficiency jurisdiction under sec. 6213(a). See Butler v. Commissioner, 114 T.C. 27, 287-288 (2000). In addition a taxpayer may file a stand-alone petition seeking relief from joint and several liability on a joint return where the IRS has issued a final determination denying the taxpayer's claim for such relief or the IRS has failed to rule on the taxpayer's claim within six months of its filing. Finally, a taxpayer may request relief from joint and several liability on a joint return in a petition for review of a lien or levy action in the context of a collection due process case under sec. 6330(d)(1). See secs. 6330(c)(2)(A)(i), (d), 6320(c).

be filed at any time after the earlier of (a) within 90 days after the Commissioner's mailing of a notice of his final determination of relief to the taxpayer or (b) at any time after six months have passed since the taxpayer's election is filed or request for innocent spouse relief is made with the Commissioner.[14]

However, section 6015(e)(3) provides a limitation on this Court's jurisdiction:

> (3) Limitation on Tax Court jurisdiction.--If a suit for refund is begun by either individual filing the joint return pursuant to section 6532--

> (A) the Tax Court shall lose jurisdiction of the individual's action under this section to whatever extent jurisdiction is acquired by the district court or the United States Court of Federal Claims over the taxable years that are the subject of the suit for refund, and

> (B) the court acquiring jurisdiction shall have jurisdiction over the petition filed under this subsection.

When we interpret section 6015(e) to determine the reach of our jurisdiction, we must give effect to Congress' intent. Fernandez v. Commissioner, 114 T.C. at 329 (citing United States v. Am. Trucking Ass'ns, Inc., 310 U.S. 534, 542-543 (1940)). "[T]he starting point in every case involving construction of a

---

[14]Depending on the circumstances, a taxpayer's election for relief is either "filed" (in the case of sec. 6015(b) and (c)) or the request for relief is "made" (in the case of sec. 6015(f)).

statute is the language itself." Greyhound Corp. v. Mt. Hood Stages, Inc., 437 U.S. 322, 330 (1978) (quoting Santa Fe Indus., Inc. v. Green, 430 U.S. 462, 472 (1977), and Ernst & Ernst v. Hochfelder, 425 U.S. 185, 197 (1976)). Usually, the plain meaning of the statutory text is conclusive. Fernandez v. Commissioner, 114 T.C. at 329 (citing United States v. Ron Pair Enters., Inc., 489 U.S. 235, 242 (1989), and Woodral v. Commissioner, 112 T.C. 19, 23 (1999)). "In ascertaining the plain meaning of [a] statute, the court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole." McCarthy v. Bronson, 500 U.S. 136, 139 (1991) (quoting K Mart Corp. v. Cartier, Inc., 486 U.S. 281, 291 (1988)). Below we discuss the application of this jurisdictional limitation--found in section 6015(e)(3)--to this case.

B.    Other Remedies for Innocent Spouse Claims[15]

Two additional provisions in section 6015 indicate that innocent spouse claims may be brought in a legal forum other than the Tax Court. First, the text "any other remedy provided by law" found in section 6015(e)(1)(A) indicates that there are other instances in which innocent spouse relief may be sought. Second, section 6015(g)(2) provides an exception to the general rule of res judicata and in

---

[15]Interpreting sec. 6015(e) compels us to consider the District Court's jurisdiction.

so doing indicates that an innocent spouse claim may be "an issue in" a prior

proceeding:[16]

> (2) Res judicata.--In the case of any election under subsection (b) or (c) or of any request for equitable relief under subsection (f), if a decision of a court in any prior proceeding for the same taxable year has become final, such decision shall be conclusive except with respect to the qualification of the individual for relief which was not an issue in such proceeding. The exception contained in the preceding sentence shall not apply if the court determines that the individual participated meaningfully in such prior proceeding. [Emphasis added.]

The type of "prior proceeding" is not defined in section 6015(g)(2);

however, the statute indicates it must be in a "court". The proceeding must

address a "taxable year"; it must (from the nature of section 6015 itself) involve a

joint liability; and it must be the sort of proceeding from which a decision might

"become final" in such a manner that res judicata would preclude subsequent

relief. That is, it must be a lawsuit in which the "res" (subject matter) to be

adjudicated is a joint tax liability. Apart from the exception provided under

section 6015(g)(2), a final judgment in any such proceeding would foreclose any

future attempt by the taxpayer to reduce her liability (for the same tax period as

previously litigated) on account of innocent spouse relief. See Commissioner v.

---

[16]The doctrine of res judicata is applicable to tax litigation. See Commissioner v. Sunnen, 333 U.S. 591, 597-598 (1948).

Sunnen, 333 U.S. 591, 597 (1948).  The determination of liability would be judicata, whether or not innocent spouse relief had been litigated in the prior suit, because res judicata bars not only contentions actually litigated but also anything "which might have been offered" for the same tax period.  Id. (quoting Cromwell v. Cty. of Sac, 94 U.S. 351, 352 (1876).[17]  That an exception was needed in section 6015(g)(2) indicates that there are indeed lawsuits in which an innocent spouse relief claim can "be offered".

The most familiar "other remedy" is claiming innocent spouse relief as an affirmative defense in a deficiency case before this Court.  See Koprowski v. Commissioner, 138 T.C. 54 (2012); King v. Commissioner, 115 T.C. at 121-122.  An innocent spouse claim may also be raised as a defense in a District Court collection action.  See Thurner v. Commissioner, 121 T.C. 43 (2003).[18]  Additionally, other courts have held that "other remedy" includes a bankruptcy case.  Pendergraft v. U.S. Dep't of the Treasury IRS (In re Pendergraft), No. 16-

---

[17]In the instant case, since no judgment has yet been entered in the District Court, the doctrine of res judicata has no current effect.

[18]Our authority to adjudicate an innocent spouse defense in a deficiency case does not depend on an explicit provision in sec. 6015, since there is none. See Naftel v. Commissioner, 85 T.C. 527, 533 (1985); see also Rule 39.

33506, 2017 WL 1091935, at *3-*4 (Bankr. S.D. Tex. Mar. 22, 2017); see also

In re Bowman, 632 B.R. 64, 65-66 (Bankr. E.D. La. 2021).

Important for this Opinion are the instances in which a taxpayer may seek

innocent spouse relief in a jurisdictionally valid refund suit filed in District Court

or the Court of Federal Claims, which we now consider.

C.     Innocent Spouse Issues in a Refund Suit

Although it is not a settled question, some District Courts have previously

held that if a taxpayer files a jurisdictionally valid refund suit after her innocent

spouse claim has been denied by the IRS, the District Court indeed has jurisdiction

to determine the taxpayer's entitlement to a refund on the basis of innocent spouse

relief.  See Hockin v. United States, 400 F. Supp. 3d 1085 (D. Or. 2019); Jones v.

United States, 322 F. Supp. 2d 1025 (D. N.D. 2004).  But see Chandler v. United

States, 338 F. Supp. 3d 592, 602 (N.D. Tex. 2018) (finding to the contrary where a

sec. 6015 petition was not filed in the Tax Court).

While it is more apt for the situation before us, some courts have concluded

that the District Court will obtain jurisdiction over an innocent spouse claim for

relief in more limited circumstances.  Namely, a District Court has jurisdiction to

decide an innocent spouse claim only when the taxpayer files a refund suit in the

District Court while a section 6015 petition is pending with the Tax Court.  See

United States v. LeBeau, 109 A.F.T.R.2d 2012-1369 (S.D. Cal. 2012); United States v. Boynton, 99 A.F.T.R.2d 2007-920 (S.D. Cal. 2007). In such cases the Tax Court loses jurisdiction over the taxpayer's claim for innocent spouse relief to whatever extent jurisdiction is acquired by the District Court or the Court of Federal Claims. Sec. 6015(e)(3).

II.     Our Analysis

A.     The Parties' Contentions

In his motion to dismiss for lack of jurisdiction respondent argues this Court lacks jurisdiction to consider Ms. Coggin's claim for innocent spouse relief for two primary reasons. First, respondent notes that Ms. Coggin's petition arises from a "litigation determination" by the Tax Division rather than a final notice of determination by the IRS under section 6015. Second, respondent argues that the District Court has previously acquired jurisdiction over the same tax years at issue and that there is no statute authorizing this Court to acquire jurisdiction from the District Court or for the two courts to hold concurrent jurisdiction over Ms. Coggin's claim for relief under section 6015.

In her written response Ms. Coggin makes several arguments opposing respondent's motion to dismiss for lack of jurisdiction. Ms. Coggin argues section 6015 is a curative statute and that this Court is to construe the section liberally to

effect its remedial purpose. Next, she argues that the authority of the United States, through the Tax Division, to litigate the tax years at issue does not strip away this Court's jurisdiction to review an IRS determination on a request for innocent spouse relief by the IRS. Ms. Coggin reasons that the District Court has "stayed the Middle District Action specifically so that the IRS and, ultimately, as is necessary, the Tax Court could make a determination regarding the Innocent Spouse Relief Request". Ms. Coggin also argues that the text and the framework of section 6015 entitle her to a judicial determination of her request for innocent spouse relief. Finally, Ms. Coggin cites section 6015(e)(1)(A)(i)(II) and asserts that this Court has jurisdiction over this matter since more than six months have passed since she submitted her request for innocent spouse relief to the IRS.

B.      Timely Filing of the Petition

In general, this Court, upon a taxpayer's filing of a timely petition, has jurisdiction to determine appropriate relief under section 6015 when relief is denied by the IRS. Sec. 6015(e)(1). Although she did not receive a notice of final determination of relief from the IRS as required under section 6015(e)(1)(A)(i)(I), Ms. Coggin filed her petition with this Court more than six months from the date of submitting her request for innocent spouse relief to the IRS in accordance with section 6015(e)(1)(A)(i)(II). So, initially, it should be determined that Ms. Coggin

has met the jurisdictional requirements of section 6015(e)(1); however, the limitations on our jurisdiction, found in section 6015(e)(3), must also be considered.

C.    The Pendency of the District Court Refund Suit for Years 2001-07

As outlined above, when a suit for refund is filed in a District Court or in the Court of Federal Claims by either individual filing the joint return pursuant to section 6532, this Court loses jurisdiction over a taxpayer's action under section 6015 to whatever extent the District Court or the Court of Federal Claims acquires jurisdiction over the taxable years that are subject of the suit for refund. Sec. 6015(e)(3)(A). Ms. Coggin initiated a jurisdictionally valid refund suit in the District Court for years 2001-07. Ms. Coggin now seeks innocent spouse relief for years 2001-09 in the Tax Court, while her court action involving some of the same years remains pending in the District Court.

Section 6015(e)(3) provides that "[i]f a suit for refund is begun" the "Tax Court shall lose jurisdiction". This text is not explicit about the timing or sequence requirement (if any) as to a refund suit and filing of an innocent spouse relief claim in the Tax Court. Section 6015(e)(3) could be read to mean that this Court's jurisdictional limitation applies only where a petition is filed before a refund claim. However, we do not interpret the statute as having such a

requirement or as compelling us to give any weight to the sequence of Ms. Coggin's actions with respect to her claims.[19]

Where, as here, a District Court acquires jurisdiction in a suit for refund, it acquires jurisdiction over the entire liability for that tax year including the taxpayer's claim for recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected. See 28 U.S.C. sec. 1346(a)(1) (2018); Flora v. United States, 357 U.S. 63, 71-72 (1958); Lewis v. Reynolds, 284 U.S. 281, 283 (1932).

As evidenced by its July 2018 order the District Court did not find any jurisdictional defects and retained jurisdiction over Ms. Coggin's claim for innocent spouse relief under section 6015. Although the District Court dismissed Ms. Coggin's refund claims for years 2001-07 after ruling on their merits, the District Court has not entered judgment, it has not ruled on Ms. Coggin's claim for innocent spouse relief, and it has stayed the case pending administrative review of her request for innocent spouse relief.

---

[19]Sec. 6015(e)(3) provides: "If a suit for refund is begun"; it does not say "[i]f a suit for refund is [later] begun" or "is begun [after the Tax Court case]". It provides that "the Tax Court shall lose jurisdiction", not that "the Tax Court shall lose [earlier acquired] jurisdiction". It provides that "the [district] court acquiring jurisdiction shall have jurisdiction over the [Tax Court] petition", not "the [district] court [subsequently] acquiring jurisdiction" nor "shall have jurisdiction over the [previously filed Tax Court] petition".

When Ms. Coggin filed Form 8857 with the IRS requesting relief from joint liability for years 2001-09, waited six months, and filed with the Tax Court a petition seeking that relief, she met the prerequisites for invoking the Tax Court's jurisdiction for years 2001-09. However, because Ms. Coggin's refund action pending in the District Court overlaps with some of the tax years before this Court--namely years 2001-07--we conclude that the Tax Court loses jurisdiction and the District Court acquires jurisdiction over her petition under section 6015(e)(3) for those same tax years. A plain reading of section 6015(e)(3)(A) supports this conclusion.[20]

Accordingly, we are constrained to grant respondent's motion, in part, and dismiss this case, in part, for lack of jurisdiction with respect to years 2001-07.

D.    The Pendency of the District Court Counterclaim for Years 2008 and 2009

However, we lose jurisdiction only to the extent that the District Court "acquired" jurisdiction in a suit for refund. See sec. 6015(e)(3)(A). The District Court has not held that it has acquired jurisdiction as to Ms. Coggin's refund claims for 2008 and 2009, and it seems clear that it cannot acquire jurisdiction

_____

[20]The question before us is not whether the District Court acquired jurisdiction over the innocent spouse claim but whether the District Court acquired jurisdiction over the same taxable years that are involved in the request for relief under sec. 6015 now pending before this Court.

since full payment of the tax liability has not been made.  See Flora, 357 U.S. at 71-72.  We assume that Ms. Coggin filed refund claims for these two later years;[21] but as we have noted throughout, and as the District Court stated in its July 2018 order, Ms. Coggin's liabilities include unpaid tax for years 2008 and 2009.  Therefore, since the District Court does not have (nor does it claim to have) refund jurisdiction for these two years, this Court does not lose jurisdiction with respect to years 2008 and 2009.[22]

Section 6015(e)(3) does not address this overlap in jurisdiction and therefore leaves us to consult principles of comity to decide whether both courts should go forward on these common issues or, if not, which one should proceed. As we understand the District Court's order of May 28, 2020,[23] the court

---

[21]In her answer to the Government's counterclaim Ms. Coggin asserts a 2009 refund claim as her defense.  But since it appears that neither Mr. Coggin nor Ms. Coggin paid for year 2009, it is not evident how her separate return for 2009 could constitute a refund claim.

[22]As a result, it appears to us that the District Court has jurisdiction over the Government's counterclaim for years 2008 and 2009--and potentially has jurisdiction over Ms. Coggin's innocent spouse claims, including those for years 2008 and 2009, insofar as they are defenses to the counterclaim--while we have jurisdiction over the innocent spouse claims for years 2008 and 2009.

[23]See Order at 6, Coggin v. United States, No. 1:16 cv 106 (M.D.N.C. May 28, 2020) ("If the Tax Court determines that it may properly exercise jurisdiction, this Court will have the benefit of the Tax Court's resolution of the
(continued...)

anticipates that we will proceed in considering Ms. Coggin's innocent spouse relief claim to the extent of our jurisdiction, and consequently we will do so. Accordingly, we will deny respondent's motion, in part, with respect to Ms. Coggin's claims for years 2008 and 2009.

We have considered all of the arguments that the parties made, and to the extent they are not addressed herein, we find the arguments to be moot, irrelevant, or without merit.

To reflect the foregoing,

<u>An appropriate order will be issued</u>.

---

[23](...continued) innocent spouse defense, which is consistent with the general provisions of § 6015(e) giving the Tax Court jurisdiction to determine the appropriate relief under that section.").